**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NAOMI S. BENNEFIELD,
<u>Plaintiff-Appellant,</u>

v.

HOECHST CELANESE CORPORATION;

No. 99-2460

UNION OF NEEDLETRADES, INDUSTRIAL
AND TEXTILE EMPLOYEES, AFL-CIO,
CLC, Local 1093-T,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Joseph F. Anderson, Jr., District Judge.
(CA-97-3587-0-17BC)

Submitted: August 31, 2000

Decided: September 26, 2000

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael T. Howe, Rock Hill, South Carolina, for Appellant. M. Baker
Wyche, III, Glenn R. Goodwin, OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C., Greenville, South Carolina; Herbert E.
Buhl, III, Columbia, South Carolina; David M. Prouty, UNITE, New
York, New York, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Naomi S. Bennefield appeals the district court's entry of summary judgment in favor of her former employer, Hoechst Celanese Corporation (Celanese), in her claims that the company discriminated against her on the basis of age and retaliated against her for pursuing her rights. Bennefield also appeals the district court's entry of judgment for the Union of Needletrades, Industrial and Textile Employees (UNITE), in her claim that the union breached its duty of fair representation under Section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185 (West 1998).

We conclude, as did the district court, that the claims against Celanese were untimely filed. With the three-day delivery period of Fed. R. Civ. P. 6(e), which we hold applicable in this case, Bennefield's filing was beyond the statutory ninety-day period. The facts do not warrant an equitable tolling of that period. Therefore, the district court properly entered judgment on these claims.

The district court also did not err in holding that no genuine issue of fact existed as to Bennefield's claim against UNITE. Bennefield has not exhausted the contractual grievance and arbitration process, as three grievances are pending arbitration. See Republic Steel Corp. v. Maddox, 379 U.S. 650, 652-53 (1965) (employee must attempt to exhaust contractual grievance and arbitration procedures before bringing § 301 action). Therefore, the claim is not properly in federal court. In addition, there is no evidence to support the allegation that UNITE acted arbitrarily, discriminatorily, or in bad faith in handling Bennefield's grievances. Therefore, this claim lacks merit. See Vaca v. Sipes, 386 U.S. 171, 190 (1967).

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are ade-

2

quately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED